Rachel RIGGS, Michael Riggs, Susan Riggs, Appellants–Plaintiffs,

v.

Alan BURELL, Appellee–Defendant.

No. 60A04–9111–CV–385.

Court of Appeals of Indiana, Fourth District.

July 13, 1992.

Mark C. Ladendorf, Yosha, Cline, Farrell & Ladendorf, Indianapolis, for appellants-plaintiffs.

William H. Kelley, James L. Whitlatch, Bunger, Robertson, Kelley & Steger, Bloomington, for appellee-defendant.

CONOVER, Judge.

Plaintiffs–Appellants Rachel Riggs, Michael Riggs, and Susan Riggs (Riggs) appeal the trial court's denial of their motion asking the trial court to rule on certain errors not addressed by the trial court when it granted their original motion to correct error below. The motion here appealed was filed after the First District of this court reinstated the jury's original verdict rendered in favor of Defendant–Appellee Alan Burell.

We affirm.

The Riggs raise three issues for our review which we restate and consolidate as one:

> whether the trial court erred by refusing to rule on the remaining specifications of error contained in the Riggs' original motion to correct errors.

This case arises out of an automobile accident which occurred on March 30, 1987, in Alabama when five Indiana University students were returning to Indiana after having watched the Indiana University basketball team in New Orleans, Louisiana. Rachel Riggs, a passenger in the automobile, was injured. She and her parents brought suit against Alan Burell, the driver of the car, and against Brian Nugen, the son of the car's owner.

After a trial, the jury entered a verdict on behalf of both defendants and against the Riggs. They filed a motion to correct errors which alleged seven specifications of error. Errors "a" and "b" thereof requested a new trial based upon Ind. Trial Rule 59(J). Specifications "c" through "g" raised issues as to the instructions given, or not given, as to the defendants' fault

and plaintiff's contributory fault and to the jury verdict forms.

The trial court ruled on the motion and granted a new trial to the Riggs against Burell only. In ordering the new trial, the judge expressly agreed with specification of error "a" which said the verdict was against the weight of the evidence. Also, by implication the trial court eliminated specification of error "b" which prayed for judgment to be entered in the plaintiffs' favor.

Burell then appealed the trial court's grant of a new trial. The First District of this court reversed the trial court's grant of a new trial. It held (a) the trial court did not comply with the provisions of T.R. 59(J)(7) by setting forth the supporting and opposing evidence that a new trial was warranted, and (b) the trial court's action could not be upheld under the standard the verdict was contrary to or not supported by the evidence and was, therefore, clearly erroneous or under the standard the verdict was against the weight of the evidence. *Burell v. Riggs* (1990), Ind.App., 557 N.E.2d 698, *reh. denied, trans. denied.*

After their petitions for rehearing and transfer were denied, the Riggs filed a motion in the trial court requesting it to rule on issues "c" through "g" alleged in their 1989 motion to correct errors. The trial court denied the request and this appeal results.

The Riggs contend the trial court erred by refusing to rule on the remaining specifications of error in their original motion to correct errors. They argue the court's decision was based on an improper application of the time bar mechanism of T.R. 53.3(A). They maintain because the judge had, in fact, ruled on the motion, the case moved beyond the procedural grasp of T.R. 53.-3(A).

On the other hand, Burell argues the trial court was required to consider all the allegations of error contained in that motion, including alleged errors "c" through "g" even though it only granted relief on alleged error "a". Thus he claims pursuant to T.R. 53.3, the remaining allegations of error must be deemed denied on Novem-

ber 27, 1989, the day the court ruled on specification "a". Alternatively, Burell suggests if the motion was not completely ruled upon at that time, it must be deemed disposed of on December 10, 1989, the date the 45 day period provided in T.R. 53.3 ended.

T.R. 53.3(A) provides, in part, that a motion to correct error not ruled on within 45 days of filing shall be deemed denied. Here, the Riggs filed the motion to correct errors on October 26, 1989. The trial court ruled on the motion on November 27, 1989.

 Since the judge granted the motion based on specified error "a", no reason existed to rule on the remaining specifications of error. Once the judge was satisfied a new trial was merited, no reason remained for him to state additional reasons for ordering a new trial. T.R. 53.3 does not require him to do. This result is the same as that which prevails in the courts of appeal. We do not rule on additional issues once we find reversible error unless, at our option, we deem it advisable to do so because the issues raised on appeal will arise again on re-trial. Therefore, we do not find all specified errors are automatically deemed denied pursuant to T.R. 53.3 where a new trial is granted on one or more, but not all, issues by the trial court.

The Riggs next contend the court of appeals' reinstatement of the jury verdict for the defendants constituted a new verdict which is subject to allegations of error and appellate review. Also, they argue the trial court's refusal to rule on specification of errors "c" through "g" has effectively denied them the right to be heard on appeal.

In the instant case, the Riggs are requesting the trial court to rule on the remaining allegations of error so they may file a subsequent appeal. However, the First District's decision in *Burell v. Riggs, supra,* precludes the trial court from considering those issues under the law of the case doctrine.

 Indiana, as well as federal courts, has consistently followed the doctrine of the law of the case in dealing with issues raised in all subsequent appeals. The doc-

trine is a self-imposed restriction by the courts in the interest of judicial efficiency. It generally operates to preclude a reexamination of issues decided on appeal, either by the district court on remand or by the appellate court itself upon a subsequent appeal. *Conway v. Chemical Leaman Tank Lines, Inc.* (5th Cir.1981), 644 F.2d 1059, 1061, *trans. denied.*[1] As a general rule if the issues were decided, either expressly or by necessary implication, those determinations of law will bind on remand and on subsequent appeal. Even if the prior appellate decision did not explicitly discuss the issues, nevertheless, the law of the case operates to preclude their reconsideration on remand if the appellate decree necessarily or implicitly resolved them adversely to the one seeking to re-urge them. *Id.*

■■■ Indiana, in applying this doctrine, has stated the appellate court's determination of a legal issue is binding on both the trial court and the court of appeals in any subsequent appeal given the same case and substantially same facts. *Matter of Guardianship of Posey* (1986), Ind.App., 513 N.E.2d 674, 676. What was decided in the prior appeal must clearly appear to be the only possible construction of the opinion if the rule of the law of the case doctrine is to be involved. *Closson Lumber Co., Inc. v. Wiseman* (1987), 507 N.E.2d 974, 977. Nonetheless, although not expressly treated or discussed in the opinion, all questions necessarily involved on the first appeal are the law of the case on all subsequent appeals. *New York Life Ins. Co. v. Kuhlenschmidt* (1941), 218 Ind. 404, 33 N.E.2d 340, 344.

In *Burell v. Riggs* (1990), Ind.App., 557 N.E.2d 698, we adopted the approach of the majority of other jurisdictions which treat a passenger's knowledge of the driver's sleepy condition as a factor to be taken into consideration in determining the contributory negligence of a sleeping passenger. *Id.* at 701. Further, we noted a sufficient factual basis in the record for inferring both that Rachel knew, or in the exercise of reasonable care should have recognized, the danger to which she was subjecting herself and her failure to exercise reasonable care to avoid injury proximately contributed to her injury. Therefore, given the evidence in the record, we held a jury could find a passenger in an automobile contributorily negligent by allowing herself to fall asleep while riding in the automobile, knowing the driver was also very tired and had drunk coffee in an effort to stay awake. *Id.*

■■■ The Riggs' remaining allegations of error all concerned issues relating to either Burell's fault and/or Rachel's lack of fault. By asking the trial court to rule on these remaining allegations of error, the Riggs are attempting to raise the same questions of liability before the trial court which the appellate court has already addressed. This they cannot do because the trial court is bound by the appellate court's prior determination that Rachel contributed to or caused her injuries. The Riggs had their day in court on all grounds presented in their motion to correct errors. Therefore, the trial court did not err in denying the Riggs' motion to rule on the remaining allegations of errors.

Affirmed.

CHEZEM, J., concurs.

SHIELDS, J., concurs in result with separate opinion.

SHIELDS, Judge, concurring in result.

I concur in result. I agree the trial court did not err in denying the Riggs' motion to

---

**1.** In *Conway,* 644 F.2d at 1062, the Fifth Circuit Court held where the trial court in granting a new trial ruled on only one of two grounds urged by the plaintiffs and the appellate court held the first ground deficient, on remand the plaintiffs were not precluded by the law of the case doctrine from re-urging the second ground for a new trial. The second ground was never passed upon by the trial court and never submitted to or decided by the appellate court on the previous appeal. Therefore, the circuit court found the trial court, finding the second ground meritorious, had the power to grant a new trial. Further, the circuit court noted the plaintiffs did not abandon their second ground for a new trial by not taking a cross-appeal at the time the defendants appealed from the judgment entered on the second jury verdict.

rule on the remaining allegations of their motion to correct error. However, my agreement is based upon the fact that the Riggs waived their other specifications of error when they failed to object to the relief granted in the prior appeal. In *Burell v. Riggs* (1990), Ind.App., 557 N.E.2d 698, *reh'g. denied, trans. denied,* this court reversed the trial court's grant of a new trial and "remanded [the cause] to the trial court with instructions to reinstate the judgment entered upon the verdict." *Id.* at 702. At that point, if the Riggs wanted the trial court to rule upon the remaining specifications of their motion to correct error, it was incumbent upon them to object to the relief granted and to seek remand of the cause with instructions to the trial court to rule upon those remaining specifications of error. The Riggs failed to do so in either their petition for rehearing or their petition for transfer and, therefore, the question of the trial court ruling upon the remaining specifications of the Riggs' motion to correct error has been waived. For this reason, I concur in the result of the majority opinion.