Rachel RIGGS, Michael Riggs, Susan Riggs, Appellants–Plaintiffs,

v.

Alan BURELL, Appellee–Defendant.

No. 60S04–9308–CV–921.

Supreme Court of Indiana.

Aug. 24, 1993.

Mark C. Ladendorf, Yosha, Cline, Farrell & Ladendorf, Indianapolis, for appellants-plaintiffs.

William H. Kelley, James L. Whitlatch, Bunger, Robertson, Kelley & Steger, Bloomington, for appellee-defendant.

ON PETITION TO TRANSFER

DICKSON, Justice.

Upon an appellate reversal of a new trial granted by a trial court on only one of

multiple grounds asserted in a motion to correct error, may the motion's proponent obtain judicial consideration of the unaddressed grounds? To address this question, we grant transfer.

Plaintiff-appellant Rachel Riggs sustained injury while a passenger in a vehicle operated by defendant-appellee Alan Burell, who had fallen asleep at the wheel. The complaint filed by Riggs and her parents resulted in a jury trial under the Indiana Comparative Fault Act, Ind.Code §§ 34-4-33-1 *et seq.* The jury returned a verdict finding Burell "not at fault" but made no determination of fault on the part of Riggs. Following the entry of judgment on the verdict, the plaintiffs filed a motion to correct error asserting seven separate claims. Addressing only two of these, the trial court granted the plaintiffs' motion to correct error and granted a new trial.

Burell appealed, and the Court of Appeals reversed and remanded with instructions to reinstate the judgment entered upon the verdict. *Burell v. Riggs* (1990), Ind.App., 557 N.E.2d 698. Upon remand, the plaintiffs unsuccessfully requested the trial court to rule on the five remaining grounds unaddressed by the trial court's order granting a new trial. The Court of Appeals affirmed the trial court's refusal to consider these issues. *Riggs v. Burell* (1992), Ind.App., 595 N.E.2d 268. This case presents two issues: 1) whether the plaintiffs are procedurally entitled to obtain a trial court determination of unaddressed issues and 2) whether such review is precluded here by the law of the case doctrine.

### Remedy for Unaddressed Grounds

The plaintiffs contend that, as to the unaddressed specifications of error in their motion to correct error, they are entitled to a trial court ruling and an opportunity to appeal therefrom. The defendant argues that all specified errors were in effect denied pursuant to Ind.Trial Rule 53.3 [1] and that the plaintiffs failed thereafter to timely initiate an appeal or cross appeal.

The Court of Appeals rejected the application of T.R. 53.3, noting that once the judge was satisfied that a new trial was merited, no reason existed to rule on the remaining specifications of error or to state additional reasons for ordering a new trial. This parallels the practice in courts of appeal, where rulings are not required on additional issues once reversible error is found. The Court of Appeals determined, "[W]e do not find all specified errors are automatically deemed denied pursuant to T.R. 53.3 where a new trial is granted on one or more, but not all, issues by the trial court." *Riggs*, 595 N.E.2d at 270. The Court of Appeals thus found that there was never a ruling on the unaddressed issues rendered moot by the trial court's order for a new trial.

The defendant presents no authority to support his contention that the plaintiffs should be required to have filed a cross appeal when the defendant appealed the trial court's grant of a new trial.[2] The Court of Appeals does not expressly discuss the cross appeal issue but observes by footnote that in *Conway v. Chemical Leaman Tanklines, Inc.* (5th Cir.1981), 644 F.2d 1059, 1062, the federal circuit court held that where a trial court grants a new trial on only one of two grounds urged and the appellate court holds the first ground deficient, plaintiffs do not abandon their second ground for a new trial by not taking a cross appeal at the time the defendants appeal from the judgment. *Riggs*, 595

---

1. In pertinent part, Trial Rule 53.3 provides as follows:

   (A) Time Limitation for Ruling on Motion to Correct Error. In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the praecipe under Appellate Rule 2(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

2. Ind.Trial Rule 59(G) authorizes cross error to be asserted by the party who prevails "[i]f a motion to correct error is denied." This rule is not applicable to the present case because the plaintiffs' motion to correct error was not denied.

N.E.2d at 271 n. 1. When a trial court makes no ruling on grounds alleged in a motion to correct error but rendered moot by the order granting a new trial, there is no basis to allege cross error.

■ Upon remand following appellate reversal of the grant of new trial, the plaintiffs-appellants were entitled to obtain a ruling upon the unaddressed specifications of error asserted in their original motion to correct error.

### Law of the Case Doctrine

Notwithstanding its correct determination that plaintiffs were procedurally entitled to a ruling on the remaining grounds asserted in their motion to correct error, the Court of Appeals applied the law of the case doctrine to conclude that the unaddressed claims presented "the same questions of liability before the trial court which the appellate court has already addressed" and that the plaintiffs "had their day in court on all grounds presented in their motion to correct error." *Riggs*, 595 N.E.2d at 271. The plaintiffs urge that the law of the case doctrine was erroneously applied and seek relief in this Court.

■ Upon remand following an appellate decision, trial court consideration of an issue may be precluded by application of the law of the case doctrine which requires a trial court to "apply the law as laid down by the appellate court." *Dodge v. Gaylord* (1876), 53 Ind. 365, 369. To invoke the law of the case doctrine, however, the matters decided in a prior appeal "must clearly appear to be the only possible construction of the opinion." *Egbert v. Egbert* (1955), 235 Ind. 405, 417, 132 N.E.2d 910, 916. Questions not conclusively decided in a prior appeal do not become the law of the case. *Clósson Lumber Co. Inc. v. Wiseman* (1987), Ind., 507 N.E.2d 974, 977. We must therefore identify in the prior appellate decision, *Burell*, 557 N.E.2d 698, those issues conclusively decided which clearly appear as the only possible construction of the opinion.

In reinstating the jury verdict, the Court of Appeals was not able to ascertain which standard the trial court applied in setting aside the jury's verdict and therefore discussed both. Ind.Trial Rule 59(J)(7) authorizes the grant of a new trial if the trial court determines that the jury verdict "is against the weight of the evidence." It also allows a new trial if such verdict "is clearly erroneous as contrary to or not supported by the evidence."

As to the "clearly erroneous" standard, the Court of Appeals observed that there is evidence in the record, albeit conflicting, that Riggs may have been contributorily negligent, thus precluding a determination that the verdict was clearly erroneous. *Burell*, 557 N.E.2d at 701–02. As to the "against the weight" standard, the Court of Appeals held that the trial court's failure to expressly identify the supporting and opposing evidence in its findings "precludes us from sustaining its order on the alternative ground that the verdict is against the weight of the evidence." *Id.* at 702. Notably absent from the Court of Appeals decision is any determination that the comparative fault of Riggs exceeded 50%, which would preclude her recovery.

For the purposes of analyzing the issues presented in the present appeal, the essential holding of the Court of Appeals in *Burell* reinstating the jury verdict was twofold: 1) there was disputed evidence regarding the possible negligence of Rachel Riggs and 2) the trial court failed to make sufficient findings to support its determination that the verdict was against the weight of all the evidence. These two determinations constitute the law of the case in the first appeal.

Plaintiffs presently seek to obtain a ruling on specifications of error (c) through (g) in their motion to correct error which, excluding its supporting memorandum of law, alleged:

a. The jury verdict in favor of the defendants was against the weight of the evidence thereby allowing the plaintiffs to a new trial;

b. The verdict of the jury was clearly erroneous as contrary to or not supported by the evidence thereby entitling

the plaintiffs to judgment in their favor and damages as the Court determines;

c. The Court erred in refusing to give plaintiffs' Tendered Instruction No. 1;

d. The Court erred in refusing to give plaintiffs' Tendered Instruction No. 5;

e. The Court erred in refusing to give plaintiffs' Tendered Instruction No. 7; and in instructing counsel that there could be no mention that the Court was not giving and incurred risk instruction in final argument;

f. The Court erred in giving defendant's Instruction No. 2 over plaintiffs' objections; and

g. The Court erred in giving the verdict form as submitted by defendant's counsel.

Record at 1–2.

The legal issues presented in specifications (c) through (g) are not conclusively decided by the essential holding in *Burell.* Plaintiffs' tendered instruction No. 1 sought to advise the jury that defendant Burell's admission that the accident occurred in part because he fell asleep while driving, if not excused or justified, amounts to negligence. Plaintiffs' tendered instruction No. 5 would have informed the jury that a passenger without control over the management of a vehicle may rely upon the assumption that the driver will exercise proper care and caution. Plaintiffs' tendered instruction No. 7 attempted to withdraw the issue of incurred risk, and the plaintiffs' supporting memorandum argued that the instruction was needed due to repeated references to incurred risk by a defense counsel during *voir dire,* opening statement, and throughout the trial. The defendant's Instruction No. 2, according to plaintiffs, constituted an unavoidable accident instruction which inaccurately described the degree of care required by the defendant. The questioned verdict form submitted by the court and used by the jury linked both defendant Burell and co-defendant Brian Nugen, thus requiring that their fault be determined jointly. The plaintiffs assert that this improperly a) resulted in the jury finding defendant Burell "not at fault" despite his admissions to falling asleep while driving and b) precluded the jury from separately finding Burell at fault, which would have required a jury assessment of whether, and to what extent, comparative fault is attributable to Riggs. This determination was never made by the jury.[3]

We find that the foregoing unaddressed specifications of error do not fall within the law of the case as determined by the Court of Appeals in *Burell.* Its essential holding that there was some evidence of Rachel Riggs' negligence and that the trial court failed to make sufficient findings does not provide a conclusive and unequivocal resolution of the unaddressed issues. The law of the case doctrine is therefore not applicable to preclude judicial consideration of these claims.

### Conclusion

We agree with the Court of Appeals that Trial Rule 53.3 does not preclude the plaintiffs from obtaining a determination of the remaining issues raised in their original motion to correct error. The law of the case doctrine may preclude such belated consideration of questions conclusively decided in a prior appeal and for which there is no other possible construction. However, we find that the law of the case in *Burell* does not operate to prevent the plaintiffs from obtaining judicial determination of the unaddressed specifications in their motion to correct error.

Transfer is granted. This cause is remanded to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN, J., dissents with opinion.

KRAHULIK, J., is not participating.

---

**3.** It was this verdict which the jury returned, finding "the defendants, Alan Burell and Brian Nugen, were not at fault." Record at 303, 312, 316. The jury did not proceed to the alternative portions of the comparative fault verdict form which would have called upon them to make a determination of whether or not the plaintiff, Rachel Riggs, "was guilty of fault which was more than 50% of the total fault involved." Record at 304.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion. I agree with the Court of Appeals decision reported at 595 N.E.2d 268.

I would call the reader's attention to Judge Shields' concurring-in-result opinion in which she observes that:

"Riggs waived their other specifications of error when they failed to object to the relief granted in the prior appeal."

An argument available to Riggs at that time was the principle that even though a trial court may have stated an erroneous reason for its judgment, if the record demonstrates that there was a correct reason for rendering the judgment, the trial court should not be reversed on appeal. *See Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154. Thus, if any of the grounds stated in the case at bar would have justified the trial court in granting plaintiffs' motion to correct error, it was available to Riggs in the first appeal and as stated by Judge Shields, the matter therefore is waived.

The trial court should be affirmed.

KRAHULIK, J., not participating.