**Harold Gene MAJORS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**DN No. 879S225.**

Supreme Court of Indiana.

Oct. 6, 1980.

Preston T. Breunig & Gary R. Landau, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., William E. Daily, Asst. Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Harold Gene Majors, was convicted by a jury in Marion County Superior Court of robbery while armed with a deadly weapon, Ind.Code § 35-42-5-1, and was

sentenced to fifteen years in prison. He appeals the conviction, challenging the sufficiency of the evidence.

In reviewing sufficiency claims, this Court will not weigh the evidence, nor will it resolve questions of credibility, but it will look to the evidence and reasonable inferences therefrom which support the verdict.

The jury's verdict will not be disturbed if there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Hicks v. State*, (1980) Ind., 401 N.E.2d 702.

The evidence in this case, when viewed in the light most favorable to the result reached by the jury, shows that on November 5, 1978, at the corner of Vermont and Illinois Streets in Indianapolis, the appellant brandished a rock–like object over his head, and turned upon Parker A. Wade shouting, "I am going to kill somebody," and, "give it up." Wade, who was disabled and could not run away, took some change from his pocket and tossed it on the sidewalk. The appellant then demanded Wade's watch and ring, and picked them up after the victim threw them down on the sidewalk. The victim then retreated into a nearby hotel and called the police. A police officer arrived shortly and took the victim in his patrol car to search for the appellant, who was spotted walking on Indiana Avenue. The officer saw the appellant hand something to a companion, and after stopping the two men, retrieved the victim's watch and ring from the companion.

> The statute provides in pertinent part: "A person who knowingly or intentionally takes property from another person or from the presence of another person: (1) By using or threatening the use of force on any person; or (2) By putting any person in fear; commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon ...." Ind.Code § 35–42–5–1.

Appellant raises two points about the sufficiency of the evidence. First, he argues that the State failed to present evidence of probative value from which the jury could infer that the appellant was armed with a deadly weapon. Specifically, appellant claims first that the victim gave no testimony as to what the object in the appellant's hand actually was, and second, that the victim did not testify as to whether the object was of sufficient weight or texture to do any damage.

■ The record shows that the victim testified that the appellant was holding "a big rock or brick," "a big piece of concrete or a piece of asphalt, or something that had been torn out of the street." He described the object as being "as big as a shoe box."

A jury, believing the testimony, could have found that appellant held a rock–like object having the weight associated with such an object, and that such a heavy object is capable of inflicting fatal injuries.

The jury's finding that the appellant was armed with a deadly weapon is supported by the evidence.

■ Second, the appellant argues that the State failed to carry its burden of proof beyond a reasonable doubt, of the element of violence, or threat of violence, or putting in fear.

Specifically, appellant claims that the evidence fails to show that his statements were directed towards the victim, since the victim never testified that the appellant threatened him, even indirectly. The victim testified that the appellant, brandishing a rock–like object in his hands "up over his head ... turned on me yelling, 'I am going to kill somebody, I am going to kill somebody,' and then he started yelling, 'give it up, give it up, give it up'." He also testified: "Yes, I was frightened. I was scared because I couldn't run and I didn't know how I was going to get out of his way."

The jury, believing the victim's testimony, could have found that the victim had been put in fear by the appellant's behavior, and it could have inferred from the victim's testimony that the fear was based on a threat of force directed against the victim.

The jury's finding that the appellant took property from the victim by putting him in fear, or by using or threatening to use violence, is supported by the evidence.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.