**Harold MAJORS, Appellant,**

v.

**G. Michael BROGLIN, Superintendent, Westville Correctional Center, Appellee.**

**No. 46S00–8708–CR–800.**

Supreme Court of Indiana.

Dec. 6, 1988.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., David A. Nowak, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from a denial of a writ of *habeas corpus.*

The facts are: Appellant was convicted by a jury in Marion County of Robbery While Armed With a Deadly Weapon and was sentenced to fifteen (15) years imprisonment. *See Majors v. State* (1980), 274 Ind. 261, 410 N.E.2d 1196. A petition for post-conviction relief was granted, and appellant's sentence was reduced to fourteen and one half (14½) years.

On February 5, 1986, appellant had served one half of his sentence and was placed on parole by the Department of Correction. On May 12, 1986, appellant received a notice of preliminary hearing which stated that he was charged with violation of his parole. A hearing was held

and findings were entered. A parole board hearing was scheduled for October 1, 1986. Appellant appeared at the hearing, pled guilty to the charges of parole violation, and his parole was revoked. He was ordered to serve an additional year of his fixed term as a result of the parole violation.

Appellant appealed this decision to the Indiana Parole Board, and the appeal was denied. He then filed his verified application for writ of *habeas corpus* in the La-Porte Circuit Court. The trial court entered an order finding that the petition failed to state a cause of action and denied the petition. This is an appeal from that decision.

Appellant claims the trial court erred in holding that his petition for writ of *habeas corpus* did not state a cause of action. The statutes governing this case are Ind.Code § 11–13–3–1 *et seq.* and Ind.Code § 35–50–6–1 *et seq.* These statutes distinguish between release on parole and discharge. A person serving a sentence for a felony, who receives a parole under Ind. Code § 35–50–6–1, is released on parole after service of his fixed term less credit time he has earned with respect to that term.

■ Legislative intent is clear that credit time is applied only toward the date of release on parole for felons and does not diminish or otherwise impact the fixed term. A felon who has served his fixed term of imprisonment less the credit time that he has earned with respect to that term is by operation of law on parole and is not discharged until the Indiana Parole Board acts to discharge him. That action must take place no later than one (1) year after the date of release on parole unless the Board acts to revoke the parole prior to discharge. Ind.Code § 35–50–6–1(b).

All of these facts were before the trial judge at the time he denied appellant's petition for writ of *habeas corpus*. The trial judge was correct when he held that appellant's "fixed term has not expired and that the Indiana Parole Board, having revoked the parole of the petitioner, petitioner is properly within the custody of the respondent and is therefore not entitled to his immediate release by way of habeas corpus." *See Boyd v. Broglin* (1988), Ind., 519 N.E.2d 541.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.