**CITY OF NEW HAVEN, Appellant (Petitioner Below),**

v.

**Penny (Bradtmueller) REICHHART and Chemical Waste Management of Indiana, L.L.C., Appellees (Respondent Below).**

No. 90S02–0101–CV–35.

Supreme Court of Indiana.

June 7, 2001.

James P. Fenton, Alan VerPlanck, Cathleen M. Shrader, Fort Wayne, IN, Attorneys for Appellant.

Mark E. GiaQuinta, Robert W. Eherenman, Fort Wayne, IN, Attorneys for Appellees.

**ON PETITION FOR TRANSFER**

BOEHM, Justice.

Penny Reichhart is an employee of Chemical Waste Management of Indiana (CWMI) and a resident taxpayer of the City of New Haven. She sued to challenge New Haven's attempt to annex CWMI's facility and New Haven counterclaimed for malicious prosecution. One element of New Haven's malicious prosecution claim is that Reichhart's suit was brought without "probable cause." We hold that lack of probable cause is not satisfied simply because a citizen initiates a taxpayer challenge financed by her employer, and that Reichhart had probable cause to bring her suit.

**Factual and Procedural Background**

On November 26, 1991, New Haven passed a municipal ordinance to annex land on which CWMI operated a hazardous waste disposal facility. Two weeks later, Penny Reichhart, an employee of CWMI and a resident of New Haven, filed a "Citizen Taxpayer Challenge" pursuant

to the Indiana Declaratory Judgment Act.[1] Reichhart alleged that the annexation ordinance was enacted in violation of Indiana's Open Door law. The trial court immediately issued a temporary restraining order against the annexation.

Reichhart's lawsuit was financed by her employer, CWMI. In response to the restraining order, New Haven withdrew the annexation ordinance and filed a counterclaim against Reichhart and a third party complaint against CWMI, alleging that Reichhart's lawsuit, financed by CWMI, constituted an abuse of process. The trial court denied Reichhart's and CWMI's joint motion for summary judgment on the counterclaim. That order was certified for interlocutory appeal and the Court of Appeals reversed, holding that Reichhart and CWMI were entitled to summary judgment on the abuse of process claim. *Reichhart v. City of New Haven*, 674 N.E.2d 27, 34 (Ind.Ct.App.1996) (*Reichhart I*).

While the interlocutory appeal was pending in the Court of Appeals, New Haven amended its counterclaim and third-party complaint to add a count of malicious prosecution. After the Court of Appeals ruled, Reichhart and CWMI moved to dismiss the malicious prosecution claim on three grounds. First, they argued that taxpayer petitions such as Reichhart's are "absolutely privileged" and a governmental entity cannot maintain an action for malicious prosecution in response to them. Second, they contended that the Court of Appeals opinion in *Reichhart I* constituted the law of the case and barred New Haven's action for malicious prosecution. Third, they argued that a governmental entity is precluded from seeking an award of punitive damages.

In February 1999, the trial court granted Reichhart's and CWMI's motion to dismiss but did not specify its reasons. New Haven appealed that decision. The Court of Appeals affirmed the trial court, holding that although the action was not barred by the law of the case doctrine, the First Amendment protects a citizen's right to petition the government without regard to the citizen's motivation. Because Reichhart, as a taxpayer, was a qualified petitioner with a legitimate claim against a governmental entity, New Haven was barred from pursuing a malicious prosecution claim against her and CWMI. *City of New Haven v. Reichhart*, 729 N.E.2d 600, 606–07 (Ind.Ct.App.2000) (*Reichhart II*).

We granted transfer in order to clarify Indiana law regarding the nature and extent of a taxpayer's privilege to pursue a challenge against a governmental entity without risking a malicious prosecution claim.

## Standard of Review

It is well settled that a complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *McQueen v. Fayette County Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct.App.1999). We view the pleadings in the light most favorable to the nonmoving party and draw every reasonable inference in favor of that party. *Borgman v. Aikens*, 681 N.E.2d 213, 216 (Ind.Ct.App. 1997). When reviewing a motion to dismiss for failure to state a claim, this court accepts as true the facts alleged in the complaint. We will affirm a successful

---

1. In 1991, the Indiana Declaratory Judgment Act was codified at Indiana Code section 34–4–10. It has since been moved to Indiana Code section 34–14–1–2. The statute provides, in part, that a taxpayer may challenge the validity of any municipal ordinance and "obtain a declaration of rights, status, or other legal relations thereunder."

Trial Rule 12(B)(6) motion when a complaint states a set of facts, which, even if true, would not support the relief requested in that complaint. We will affirm the trial court's ruling if it is sustainable on any basis found in the record. *Minks v. Pina*, 709 N.E.2d 379, 381 (Ind.Ct.App. 1999).

### I. Malicious Prosecution

■ The Court of Appeals explored two possible justifications for the trial court's judgment in *Reichhart II*. After concluding that the "law of the case" doctrine did not dispose of the issue, the Court of Appeals analyzed Reichhart's right of petition under the First Amendment as a bar to New Haven's claim. *Reichhart II*, 729 N.E.2d at 605. We believe the first question presented by this appeal is whether a claim of malicious prosecution is sustainable on these facts without regard to the potential implications of the First Amendment. It is "the duty of the court not to enter upon the consideration of a constitutional question where the court can perceive another ground on which it may properly rest its decision." *Bayh v. Sonnenburg*, 573 N.E.2d 398, 402 (Ind.1991) (quoting *Applegate v. State ex rel. Bowling*, 158 Ind. 119, 124, 63 N.E. 16, 18 (1902)). Whether a citizen who pursues a taxpayer challenge is vulnerable to a common law malicious prosecution claim is one of first impression in Indiana. Indeed, that issue has been before any state or federal court on only a handful of occasions. *City of Long Beach v. Bozek*, 33 Cal.3d 727, 190 Cal.Rptr. 918, 661 P.2d

1072 (1983); *Zeller v. Consolini*, 59 Conn. App. 545, 758 A.2d 376 (2000), *Cate v. Oldham*, 450 So.2d 224, 226 (Fla.1984). Given the dearth of cases in Indiana and elsewhere, the common law doctrine of malicious prosecution has not been thoroughly examined in the context of taxpayer challenges.

■ The essence of malicious prosecution rests on the notion that the plaintiff—in this case, New Haven—has been improperly subjected to legal process. *Ziobron v. Crawford*, 667 N.E.2d 202, 208 (Ind.Ct.App.1996). There are four elements of a malicious prosecution claim: (1) the defendant (Reichhart and/or CWMI) instituted or caused to be instituted an action against the plaintiff (New Haven); (2) the defendant acted with malice in doing so; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor. *Trotter v. Indiana Waste Sys.*, 632 N.E.2d 1159, 1164 (Ind.Ct.App. 1994). It is clear that the first and fourth elements are satisfied in the present case: Reichhart instituted the taxpayer challenge against New Haven and her claim was dismissed with prejudice by the trial court.[2]

■ In *Reichhart I*, the Court of Appeals addressed the "improper process" element of New Haven's abuse of process claim against Reichhart. The Court of Appeals concluded that Reichhart's taxpayer challenge was "procedurally and substantively proper" and was "authorized by statute and thus legitimate."[3] *Reich-*

---

**2.** Reichhart's lawsuit consisted of two claims: that New Haven violated the Open Door law and a taxpayer challenge to the ordinance itself. After the temporary restraining order was granted in response to the first claim and New Haven voluntarily rescinded its ordinance, Reichhart moved to dismiss her tax-

payer challenge without prejudice but the trial court dismissed it with prejudice.

**3.** "It is undisputed that, by virtue of her status as a taxpaying property owner in New Haven, Reichhart was entitled to file a taxpayer's action and to initiate proceedings to force compliance with the Open Door Law and city

*hart I*, 674 N.E.2d at 32. Reichhart argues that this finding establishes that she had "probable cause" to file the suit and, therefore, that the malicious prosecution claim also falls. But as the Court of Appeals correctly pointed out in *Reichhart II*, the probable cause element of malicious prosecution is not identical to the improper process element of abuse of process. The test of an improper process is whether the legal steps were procedurally and substantively proper under the circumstances. *Reichhart I*, 674 N.E.2d at 32. In contrast, probable cause exists "when a reasonably intelligent and prudent person would be induced to act as did the person who is charged with the burden of having probable cause." *Maynard v. 84 Lumber Co.*, 657 N.E.2d 406, 409 (Ind.Ct.App. 1995). Given the differences between the definitions of the two elements, the Court of Appeals concluded that it "could not insinuate probable cause" into its first ruling. *Reichhart II*, 729 N.E.2d at 604.

■■■ We agree that the ruling in *Reichhart I* was not dispositive of New Haven's malicious prosecution claim. That does not mean, however, that the trial court could not find, as a matter of law, that Reichhart had probable cause to file a taxpayer challenge. Reichhart's taxpayer challenge alleged that New Haven's proposed annexation "has caused or threatens to cause a waste of public funds" and "will cause or contribute to serious financial and other burdens to the city." The Court of Appeals has noted on a number of occasions that declaratory judgment proceedings brought by city taxpayers are appropriate when the city common council's actions:

> are clearly or patently illegal, or where the council acts without jurisdiction over the subject matter, or where there is an unmistakable abuse of discretion in the

regulations." *Reichhart II,* 729 N.E.2d at 604.

council's decision to annex, or where wastage of public funds is present or imminent and is something more than the furnishing of the normal services and facilities attendant legal annexation. *Prock v. Town of Danville*, 655 N.E.2d 553, 557 (Ind.Ct.App.1995) (citing *Matter of the North I Annexation Area to City of Fort Wayne*, 652 N.E.2d 878, 879 (Ind.Ct. App.1995), and *Montagano v. City of Elkhart* 149 Ind.App. 283, 290–92, 271 N.E.2d 475, 480 (1971)).

In Count I of her lawsuit, Reichhart alleged that New Haven's consideration of the annexation ordinance violated the Indiana Open Door statute. In response, the trial court granted a temporary restraining order and New Haven voluntarily withdrew the ordinance. In a memorandum of law to the trial court, New Haven seemed to concede that it had violated the statute, and pronounced that "[t]he ordinance will be re-introduced in strict conformity with the terms of the Court's Order and in compliance with the substantive portions of the Open Door laws." The Court of Appeals properly concluded that New Haven's violation of the Open Door law in its initial consideration of the annexation ordinance meant that the city common council "lacked jurisdiction to act on the ordinance, and wastage was certain to occur." *Reichhart II*, 729 N.E.2d at 607. We therefore agree with the Court of Appeals that Reichhart's claim was "legitimate." The related but different issue of Reichhart's probable cause to initiate her challenge was not addressed by *Reichhart I*. However, we conclude that the same undisputed facts demonstrate that a reasonably intelligent and prudent person in Reichhart's place could believe that New Haven was guilty of the charges laid out in her taxpayer

challenge. This constitutes probable cause for purposes of New Haven's claim of malicious prosecution, and requires its dismissal as a matter of law.

## II. Right of Petition

Because we have determined that Reichhart had probable cause to file her lawsuit, and therefore New Haven's malicious prosecution claim was properly dismissed by the trial court, we need not address whether the First Amendment right to petition the government precludes a malicious prosecution action based on an attempt to exercise a statutory right to challenge the validity of a governmental action. Ind. Code § 34–14–1–2 (1998)[4]; *United Mine Workers v. Illinois Bar Ass'n*, 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967) ("[T]he rights to assemble peaceably and to petition for redress of grievances are among the most precious of liberties safeguarded by the Bill of Rights.").

We do, however, disagree with New Haven that the Court of Appeals opinion was as expansive as New Haven claims. Noting that this was a question of first impression in Indiana, the Court of Appeals turned to United States Supreme Court cases which considered immunity from malicious prosecution charges in the context of the Sherman Anti–Trust Act and the National Labor Relations Act. In those arenas, the Court of Appeals noted, "it is settled that the First Amendment protects a citizen's right of petition regardless of intent." *Reichhart II*, 729 N.E.2d at 606. Applying the same principle, the court held that: "where, as here, a qualified petitioner brings a legitimate claim against

a governmental entity in the manner prescribed by law, that entity is prohibited from pursuing a malicious prosecution claim against the petitioner regardless of her motivation in bringing the petition." *Id.*

On appeal, New Haven contends that:

the ruling of the Court of Appeals means that any person may sue any state, county, or municipal entity, or any public school corporation or state university in Indiana, with an evil and malicious purpose and without probable cause, so long as there is "standing" and there appears to be no abuse of process.

In effect, New Haven argues that *Reichhart II* nullifies the common law of malicious prosecution with respect to Indiana governmental entities, collapses the torts of malicious prosecution and abuse of process and, under the First Amendment, nullifies various state statutes and court rules.

 New Haven's view of the Court of Appeals opinion appears to stem from footnote 10 of the opinion:

We do not agree with Reichhart's broad assertion that she had an "absolute privilege" to maintain a taxpayer challenge without risking a malicious prosecution claim. It is more accurate to say that her taxpayer challenge was privileged because she was a qualified petitioner who brought her claim against the City in the manner prescribed by law.

*Id.* at 607. As New Haven points out, this footnote does not specify that the claim must be "legitimate." Yet the opinion takes care to establish that Reichhart's claim was "legitimate"[5] and makes it clear

---

**4.** Section 2 of the Uniform Declaratory Judgment Act provides:

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or fran-

chise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

**5.** Reichhart's original complaint alleged that the proposed annexation "has caused or

that she was entitled to immunity from the malicious prosecution action because she had both "standing and grounds" to bring the taxpayer's challenge. *Id.* New Haven asserts that the words "in the manner prescribed by law" mean "a mere procedural hurdle" and will therefore open the door for a flood of frivolous, malevolent taxpayer challenges sheltered from malicious prosecution actions. We do not believe this accurately captures the holding of the Court of Appeals. Instead, we think it is clear that the court found a limited immunity from malicious prosecution actions for qualified citizens who bring legitimate taxpayer challenges against a governmental entity in compliance with all relevant statutes and court rules. The Court of Appeals took the view that the motivation of the taxpayer bringing the challenge is irrelevant as long as the claim is legitimate. We do not address the constitutional issue other than to observe that the Court of Appeals opinion is not as expansive as New Haven claims.

### Conclusion

The Court of Appeals affirmed the trial court through an interpretation of federal constitutional law. We reach the same result under common law. It is well settled that malice alone is not enough to justify a charge of malicious prosecution— the claim must also lack "probable cause." As explained in Part I, Reichhart had the requisite "probable cause" to bring her .

action against New Haven. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

---

threatens to cause a waste of public funds" and that it "is clearly and patently illegal and represents a clear abuse of discretion." The action of the common council of a city to annex land must be considered a proper subject of a taxpayer suit if wastage of public funds is evident or certain to occur as a result of annexation. *Reichhart II*, 729 N.E.2d at 607, (quoting *Montagano v. City of Elkhart*, 149 Ind.App. 283, 290–92, 271 N.E.2d 475,

480 (1971)). The Court of Appeals concluded that because the New Haven Common Council failed to conform to the Open Door Law when it enacted the annexation ordinance, it lacked jurisdiction to act on the ordinance and wastage was certain to occur. Thus, Reichhart's claim against New Haven was "legitimate" and, regardless of her motivation, she was protected from a malicious prosecution action.