**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT *PRO SE*:

**ALVINO PIZANO**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 01 2013, 9:23 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ALVINO PIZANO, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | ) No. 48A02-1209-MI-770 |
| | ) |
| IDOC COMMISSIONER BRUCE | ) |
| LEMMONS, IDOC PAROLE CHAIRMAN | ) |
| GREGORY SERVER, CIF SUPERINTENDENT | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Appellees-Defendants. | ) |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48C06-1208-MI-349

**February 1, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Plaintiff Alvino Pizano appeals from the dismissal of his lawsuit against Appellees-Defendants Bruce Lemmons, Gregory Server, and Wendy Knight (collectively, "the Appellees"). Pizano argues that the trial court erroneously concluded that he had failed to state a claim on which relief could be granted. We affirm.

## FACTS AND PROCEDURAL HISTORY

In August of 2012, Pizano was incarcerated in Pendleton, Indiana. (Appellant's App. 1). On August 1, 2012, Pizano filed a *habeas corpus* petition, naming Indiana Department of Correction ("DOC") Commissioner Lemmons, DOC Parole Chairman Server, and Correctional Industrial Facility Superintendent Knight. In Pizano's *habeas* petition, he alleged that he began serving a ten-year sentence on July 6, 2006, should have been released on October 2, 2010, but remained incarcerated due to a wrongful revocation of credit time. Pizano alleged that the revocation of his credit time was done in such a fashion as to violate his rights to equal protection and due process. Pizano requested that he be released immediately. On September 12, 2012, the trial court dismissed Pizano's petition for failure to state a claim upon which relief can be granted.

## DISCUSSION AND DECISION

### Whether the Trial Court Erred in Granting the Appellees' Motion to Dismiss

A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. *Charter One Mortgage Corp. v. Condra*, 865 N.E.2d 602, 604 (Ind. 2007). Review of a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) is therefore de novo. *Id*. When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. *City of New Haven v. Reichhart*, 748 N.E.2d 374, 377 (Ind. 2001). A complaint may not be dismissed for failure to state a claim upon which relief can be granted

2

unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *Id.* (citing *McQueen v. Fayette County Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), *trans. denied*).

*Babes Showclub, Jaba, Inc. v. Lair*, 918 N.E.2d 308, 310 (Ind. 2009).

Pizano seems to assert that, but for a wrongful revocation of credit time, his sentence would be completed, entitling him to immediate discharge. Indiana Code section 35-50-6-1 provides, in part, that

> (a) Except as provided in subsection (d) or (e), when a person imprisoned for a felony completes the person's fixed term of imprisonment, less the credit time the person has earned with respect to that term, the person shall be:
> (1) released on parole for not more than twenty-four (24) months, as determined by the parole board,
> ….
> (2) discharged upon a finding by the committing court that the person was assigned to a community transition program and may be discharged without the requirement of parole; or
> (3) released to the committing court if the sentence included a period of probation.

"One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Hawkins v. Jenkins*, 268 Ind. 137, 139, 374 N.E.2d 496, 498 (1978). "This Court has held that no court has jurisdiction to entertain a petition for a writ of habeas corpus unless it is alleged that the prisoner is entitled to immediate discharge." *Id.* at 140, 374 N.E.2d at 498. "A prisoner can only obtain a discharge through habeas corpus. He cannot obtain a modification of his commitment." *Id.*

Even if Pizano is correct that his credit time was erroneously revoked, his argument is still without merit. Indiana law is clear that credit time only determines when one is eligible for parole and does not shorten the sentence. "Legislative intent is

clear that credit time is applied only toward the date of release on parole for felons and does not diminish or otherwise impact the fixed term." *Majors v. Broglin*, 531 N.E.2d 189, 190 (Ind. 1988). "A felon who has served his fixed term of imprisonment less the credit time that he has earned with respect to that term is by operation of law on parole and is not discharged until the Indiana Parole Board acts to discharge him." *Id*. So, even if Pizano is correct that he should have been paroled on October 2, 2010, he has not alleged, much less shown, that his sentence would have been discharged.

We affirm the judgment of the trial court.

NAJAM, J., and FRIEDLANDER, J., concur.