# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 26 2015, 9:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Stephen R. Pennell
Stuart & Branigin LLP
Lafayette, Indiana

Jason L. Ott
Samuel R. Grego
Pittsburgh, Pennsylvania

ATTORNEYS FOR APPELLEE:
ATTORNEYS FOR THE PORT
AUTHORITY OF NEW YORK &
NEW JERSEY AND ONE WORLD
TRADE CENTER, LLC

Robert S. Schein
Bryan S. Strawbridge
Krieg Devault LLP
Carmel, Indiana

Libby Y. Goodnight
Indianapolis, Indiana

ATTORNEYS FOR TISHMAN
CONSTRUCTION CORP., MAJOR
TOOL AND MACHINE, INC., AND
PERMASTEELISA NORTH AMERICA
CORP.
James E. Rossow, Jr.
Joshua W. Casselman
Rubin & Levin, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

O'Neal Flat Rolled Metals, LLC,

*Appellant-Defendant,*

v.

Major Tool and Machine, Inc., Tishman Construction Corporation, Permasteelisa North America Corp., The Port Authority of New York and New Jersey, and World Trade Center, LLC,

*Appellee-Plaintiff*

January 26, 2015

Court of Appeals Cause No. 49A04-1312-PL-624

Appeal from the Marion Superior Court, The Honorable Timothy W. Oakes, Judge, 49D13-1305-PL-16604

**May, Judge.**

O'Neal Flat Rolled Metals LLC ("O'Neal") appeals the dismissal of its Amended Complaint against Major Tool and Machine, Inc. ("Major Tool"), Tishman Construction Corporation ("Tishman"), Permasteelisa North America Corp. ("Permasteelisa"), The Port Authority of New York and New Jersey ("The Port Authority"), and One World Trade Center ("One WTC"). As the bankruptcy court has exclusive jurisdiction over the property O'Neal alleges the defendants converted, we affirm.

# Facts and Procedural History

[2]     This lawsuit arose out of a dispute over steel materials O'Neal supplied for the construction of One WTC.  In December 2009, in New York, American Architectural, Inc. ("AAI") entered into contracts with Tishman, the general contractor, to install a cable net wall, among other things, at One WTC.  AAI hired Major Tool as a subcontractor to perform steel fabrication services.  AAI entered into a contract with O'Neal to purchase steel materials, and the materials were shipped to Major Tool in Indianapolis.  That contract did not address when title to the steel materials passed from O'Neal to AAI.

[3]     AAI and O'Neal executed a secured promissory note that provided AAI promised to pay O'Neal $761,125.39.  The note was secured by a security interest AAI granted to O'Neal, with AAI as the debtor and O'Neal as the secured party.  A security agreement AAI and O'Neal executed provided AAI was granting O'Neal a security interest in the steel O'Neal provided ("the Materials Collateral"), (App. at 299), in order to secure AAI's payment of the note to O'Neal.  The security agreement provides the "Materials Collateral" is included as "Collateral," which "shall mean all of [*AAI's*] *personal property*, both now owned and hereafter acquired."  (*Id.*) (emphasis added).  The note recited a list of events that would amount to AAI's default, one of which was AAI's bankruptcy.  On default, the note would become due.

[4]     AAI filed for Chapter 11 bankruptcy protection on June 15, 2012.  O'Neal sought an order from the bankruptcy court requiring payment of "adequate protection," (App. at 49), based on its claim it held a security interest "in much

of [*AAI's*] *assets*," (*id*. at 48) (emphasis added), including specifically the steel O'Neal now claims others converted. The bankruptcy court did not enter that requested order.

[5] O'Neal then filed a complaint in Marion Superior Court against Major Tool, Tishman, Permasteelisa, The Port Authority, and One WTC. The complaint alleged some or all of the defendants had converted the steel that had been delivered to Major Tool but in which O'Neal had a security interest. All the defendants moved to dismiss the complaint for lack of personal jurisdiction, asserting various theories. The trial court granted all the motions but did not specify the basis for the dismissals.

## Discussion and Decision

[6] We will affirm a trial court's ruling on a motion to dismiss if it is sustainable on any basis found in the record. *See City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001) (addressing motion to dismiss for failure to state a claim on which relief can be granted). The complaint was properly dismissed because the bankruptcy court has exclusive jurisdiction over this matter.

[7] The bankruptcy court in which a case is commenced or is pending has exclusive jurisdiction "of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334. Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. It is apparent the steel materials are included in the property of AAI's estate; the security

agreement provides the "Materials Collateral," *i.e.*, the steel O'Neal provided, is included as "Collateral," which "shall mean all of [AAI's] personal property, both now owned and hereafter acquired." (App. at 299.)[1]

As the bankruptcy court has exclusive jurisdiction over the steel O'Neal supplied to AAI, O'Neal's claim in the Marion Superior Court that the defendants converted that same steel was properly dismissed, and we accordingly affirm.

Affirmed.

Kirsch, J., and Bailey, J., concur.

---

[1] O'Neal asserts in its reply brief "the property referenced by Defendants, the Steel Materials, is not property of AAI's bankruptcy estate." (Reply Br. of Appellant O'Neal Flat Rolled Metals LLC at 13.) As O'Neal offers no argument, legal authority, or citation to the record to support that assertion, we decline to consider it. *See, e.g., Haynes v. Haynes,* 167 Ind. App. 55, 56, 337 N.E.2d 580, 581 (1975) (allegation of error waived when there is "no specific, cogent argument with citations of authority together with a showing of how the arguments and authorities are applicable to the facts of this case").