## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2017, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Philip R. Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Denise A. Robinson
Senior Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gabrielle R. Adams, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 23, 2017 <br><br> Court of Appeals Case No. <br> 71A05-1611-CR-2659 <br><br> Appeal from the St. Joseph <br> Superior Court <br><br> The Honorable John M. <br> Marnocha, Judge <br><br> Trial Court Cause No. <br> 71D02-1605-F5-85 |

**Najam, Judge.**

## Statement of the Case

Gabrielle R. Adams appeals her conviction for battery, as a Level 5 felony, following a jury trial.[1] Adams raises a single issue for our review, namely, whether the State presented sufficient evidence to show that the battery was "committed with a deadly weapon." *See* Ind. Code § 35-42-2-1(g)(2) (2016). As explained in our opinion in *Troy Burgh v. State*, ___ N.E.3d ___, No. 71A03-1611-CR-2669 (Ind. Ct. App. June 23, 2017), also handed down today, we hold that a reasonable trier of fact may conclude that battery was "committed with a deadly weapon" when the paved surface of a parking lot is used in a manner that makes that surface readily capable of causing serious bodily injury. Thus, we affirm Adams' conviction.

## Facts and Procedural History

On May 12, 2016, Adams and her boyfriend, Troy Burgh, got into a fight with Ashley Banghart in a CVS Pharmacy parking lot in Walkerton. During the fight, Burgh pulled Banghart to the ground, which was a paved asphalt surface. While Banghart was on the ground, Adams slammed Banghart's head onto the paved surface six times, which caused Banghart to suffer a concussion.

Thereafter, the State charged Adams with, in relevant part, battery enhanced to a Level 5 felony for having been committed with a deadly weapon, namely, the

---

[1] Adams does not appeal her convictions for battery, as a Class A misdemeanor, or possession of marijuana, as a Class B misdemeanor.

parking lot pavement. After a trial, the jury found Adams guilty. The court entered its judgment of conviction and sentence accordingly, and this appeal ensued.

## Discussion and Decision

[4] On appeal, Adams contends that the evidence against her was insufficient to demonstrate that she battered Banghart with a deadly weapon. In particular, Adams asserts that the paved surface of a parking lot cannot satisfy the deadly weapon enhancement that elevates battery from a Class B misdemeanor to a Level 5 felony. In reviewing the sufficiency of the evidence, we consider only the evidence and reasonable inferences most favorable to the conviction, neither reweighing the evidence nor reassessing witness credibility. *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). We will affirm the judgment unless no reasonable fact-finder could find the defendant guilty. *Id.*

[5] As relevant here, the Indiana Code provides that battery is a Level 5 felony when it is committed with "a deadly weapon." I.C. § 35-42-2-1(g)(2). The Indiana Code further defines "deadly weapon" to mean, among other things, any "material that in the manner it: (A) is used; (B) could ordinarily be used; or (C) is intended to be used; is readily capable of causing serious bodily injury."

I.C. § 35-31.5-2-86(a)(2). And "serious bodily injury" is defined in relevant part as bodily injury that causes "extreme pain." I.C. § 35-31.5-2-292(3).[2]

[6] Thus, the Indiana Code has a broad and fact-sensitive definition of "deadly weapon." I.C. § 35-42-2-1(g)(2). In light of that statutory definition, we have repeatedly stated that whether an object is a "deadly weapon" on a given set of facts is determined from the nature of the object, the manner of its use, and the circumstances of the case. *E.g.*, *Gleason v. State*, 965 N.E.2d 702, 708 (Ind. Ct. App. 2012). We have further instructed that "[w]hether an object is a deadly weapon based on these factors is a question of fact. The original purpose of the object is not considered. Rather, the manner in which the defendant actually used the object is examined." *Id.*

[7] As also explained in *Burgh*, in light of those broad and fact-sensitive standards we conclude that a reasonable trier of fact may find that a paved surface constitutes a deadly weapon if the manner in which the defendant uses that surface is "readily capable of causing serious bodily injury." I.C. § 35-31.5-2-86(a)(2). And, on these facts, a reasonable fact-finder could easily reach that conclusion: Adams used the paved surface as a blunt object against which to smash Banghart's skull six times. In that sense, the paved surface is comparable

---

[2] We have held that loss of consciousness after being struck by a defendant is, by itself, sufficient to establish serious bodily injury, *Davis v. State*, 819 N.E.2d 91, 100-01 (Ind. Ct. App. 2004), *trans. denied*, and Adams does not challenge the conclusion implicit in her conviction that Banghart suffered serious bodily injury. We also note that the State did not charge Adams under Indiana Code § 35-42-2-1(g)(1), which enhances battery to a Level 5 felony if the battery resulted in serious bodily injury.

to the use of a rock or similar object with which to hit a victim, which the Indiana Supreme Court has held to be within the definition of a deadly weapon. *Majors v. State*, 274 Ind. 261, 263, 410 N.E.2d 1196, 1197 (1980). We conclude likewise here.

[8] In sum, we reject Adams' argument, in effect, that whether a defendant strikes a victim's head with an object or whether the defendant strikes a stationary object with the victim's head is relevant to the determination of whether that object was a "deadly weapon." Either way, the touching and the impact are the same. While we commonly think of a weapon as a moveable object, as this case illustrates a stationary object can also be used as a weapon. A paved surface is "other material" that is "readily capable of causing serious bodily injury" depending on the manner in which the surface is actually used. I.C. § 35-31.5-2-86(a)(2). We also reject Adams' argument that a paved surface was not within our General Assembly's contemplation when it defined "deadly weapon"; on this point, the broad and fact-sensitive language of Indiana Code Section 35-31.5-2-86(a)(2) speaks for itself. Accordingly, we affirm Adams' conviction for battery, as a Level 5 felony.

[9] Affirmed.

Riley, J., and Bradford, J., concur.